## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

A.B., a minor, by and through ) 
her mother and next friend, ) 
MELISSA S. COOPER, ) 
                       ) 
        Plaintiff, )     Case No.:   CIV-18-440-SLP 
                       ) 
vs. ) 
                       ) 
INDEPENDENT SCHOOL DISTRICT )     JURY TRIAL DEMANDED 
NO. 1 OF NOBLE COUNTY, OKLAHOMA )   ATTORNEY LIEN CLAIMED 
and ARNOLD CALVERT COWEN, ) 
                       ) 
        Defendants. )

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, A.B., a minor, by and through her mother and next friend, Melissa

S. Cooper, through her attorney Richard S. Toon, Jr., of Toon Law Firm, PLLC,

alleges and states as follows:

### Introduction

Defendant Independent School District No. 1 of Noble County, Oklahoma

("the school district") received notice that a sexual predator was preying upon

schoolchildren. The school district shielded the sexual predator and branded the

schoolchildren liars. The school district chose to hide the abuse from D.H.S., the

police and parents. With the school district continuing to protect the sexual

1

predator, the abuse of schoolchildren continued. Numerous children - including

Plaintiff - have been harmed.

**Allegations**

1.    This action is for violation of the Ninth and Fourteenth Amendments to

the United States Constitution. This action and the relief sought are

authorized by 42 U.S.C. § 1983, including the Civil Rights Act of 1991, 42

U.S.C. § 1981(a), 20 U.S.C. §§ 1681-1688 (Title IX of the Education

Amendments of 1972), in addition to pendent state law claims regarding

the violation of the Oklahoma Constitution, state statutes, and common

law torts.

2.    This Court has subject matter jurisdiction over this case under 28 U.S.C.

§§ 1331, 1343 and 1367 and the aforementioned statutory and

constitutional provisions.

3.    Venue is proper in this district.

4.    Plaintiff is a citizen of the United States residing in Noble County,

Oklahoma.

5.  At all times relevant to the facts alleged in this complaint, Plaintiff A.B. was a minor female and was required to attend school pursuant to Oklahoma Statutes, 70 O.S. § 10-105.

6.  Plaintiff A.B. was a student attending elementary school within Independent School District No. 1 of Noble County, Oklahoma.

7.  Melissa S. Cooper is the mother and next friend of Plaintiff A.B.

8.  Defendant Independent School District No. 1 of Noble County, Oklahoma ("the school district") is a public educational institution located in Noble County, Oklahoma and is an Oklahoma school district organized and existing under the laws of the State of Oklahoma with its principal office in Noble County, Oklahoma.

9.  The school district receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 - 1688.

10. The school district may be served with process at its principal place of business: Attn: Janet Brand, clerk, 900 Fir Avenue, Perry, Oklahoma 73077.

11. Defendant Arnold Calvert Cowen ("Cowen") was, at all times relevant herein, a volunteer and teacher's assistant of the school district.

12.   Cowen is currently incarcerated in Okfuskee County, Oklahoma and may be served through Oklahoma Department of Corrections #788664, c/o Mike Bolt, Warden and Matthew Martin, Administrative Programs Officer, John L. Lilley Correctional Center, 407971 Highway 62E, Boley, Oklahoma 74829.

13.   By letter dated August 17, 2017, the school district was placed on timely notice of A.B.'s tort claim in conformance with the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51 § 156, as evidenced by the Governmental Tort Claims Notice.

14.   The school district has acknowledged receipt of the Governmental Tort Claims Notice by return receipt of the certified letter.

15.   The school district took no further formal action upon the Governmental Tort Claims Notice.

16.   This action has been timely commenced against the school district in the District Court for the Western District of Oklahoma.

17.   This action has been timely commenced against Cowen in the District Court for the Western District of Oklahoma.

18.    The school district is required to provide a safe learning environment for its students.

19.    The school district failed to provide a safe learning environment for its students.

20.    The school district failed to provide an environment free of sexual predators.

21.    While on school grounds and during school hours, a sexual predator repeatedly preyed on students during the 2016 school year.

22.    While on school grounds and during school hours, a sexual predator repeatedly preyed on students during the 2017 school year.

23.    After victims informed the school district of the sexual predator's misconduct via the school district's agents and employees, Cowen continued to prey on students.

24.    Plaintiff A.B. is a victim of the school district.

25.    Plaintiff A.B. is a victim of the sexual predator, Arnold Calvert Cowen.

26.    While at the school, Cowen was under the supervision and control of the school district.

27.    A.B. was a student in the school district in 2016.

28.    A.B. was a student in the school district in 2017.

29.    Cowen was a school assistant for the school district in 2016.

30.    Cowen was a school assistant for the school district in 2017.

31.    Cowen is a sexual predator.

32.    Cowen was a teacher's assistant in Mr. Jeffrey Sullins' ("Sullins'") math class, as well as other classes.

33.    The school district allowed Cowen on the school district's premises in 2016.

34.    The school district allowed Cowen on the school district's premises in 2017.

35.    The school district allowed Cowen to touch A.B.

36.    The school district allowed Cowen to touch other schoolchildren.

37.    The school district allowed Cowen to be alone with the schoolchildren.

38.    The school district allowed Cowen to talk with the schoolchildren.

39.    The school district allowed Cowen to interact with the schoolchildren.

40.    The school district did not limit Cowen's access to the schoolchildren.

41.   Sullins, acting in the course and scope of his employment, was a teacher for the school district and was the math teacher of A.B. for the 2016 to 2017 school year.

42.   Cowen molested, made lewd comments, or inappropriately touched or felt the body or private parts of female students, including Plaintiff (including violations of 21 O.S. § 1123(A)(2)), on campus and during school hours in 2016.

43.   Cowen molested, made lewd comments, or inappropriately touched or felt the body or private parts of female students, including Plaintiff (including violations of 21 O.S. § 1123(A)(2)), on campus and during school hours in 2017.

44.   Teachers and administrators within the school district are required to properly report sexual misconduct suffered by students.

45.   In December 2016, Ms. Kendra Miller ("Miller"), acting within the course and scope of her employment as the Perry Upper Elementary School Principal, was notified that Cowen molested students.

46.   The school's principal did not notify law enforcement.

47.   The school's principal did not notify the Department of Human Services.

48. The school's principal did not notify parents of the schoolchildren.

49. The school's principal chose to try to convince the victims that the assistant was a good person.

50. The school's principal sent the victim schoolchildren back to class with Cowen.

51. Despite having knowledge in December 2016 of a pattern of Cowen's criminal misconduct from several victims, the school district did not immediately notify law enforcement.

52. Despite having knowledge in December 2016 of a pattern of Cowen's criminal misconduct from several victims, the school district did not immediately notify the Department of Human Services.

53. Despite having knowledge in December 2016 of a pattern of Cowen's criminal misconduct from several victims, the school district did not immediately notify the victims' parents.

54. Despite having knowledge in December 2016 of a pattern of Cowen's criminal misconduct from several victims, the school district did not immediately notify A.B.'s parents.

55. Despite having knowledge in December 2016 of a pattern of Cowen's criminal misconduct from several victims, the school district chose to allow Cowen to remain on campus.

56. Because of the school district's lack of response to the allegations of Cowen's misconduct, Cowen was allowed to remain on campus.

57. While on campus, Cowen continued to victimize students at the school district into January 2017.

58. In January 2017, the school district received written notice of Cowen's misconduct.

59. Upon receiving written notice of Cowen's misconduct, the school district chose to not take immediate corrective action.

60. On or around January 18, 2017, and January 19, 2017, Principal Miller received more reports from students that Cowen had sexually assaulted students.

61. Upon receiving the reports of sexual assualts, the school district's principal chose to not notify law enforcement.

62. Upon receiving the reports of sexual assualts, the school district's principal chose to not notify the Department of Human Services.

63.     Upon receiving the reports of sexual assualts, the school district's principal chose to not notify the victims' parents.

64.     Upon receiving the reports of sexual assualts, the school district's principal chose to not notify A.B.'s parents.

65.     The school district again chose to allow Cowen to remain on campus.

66.     On or about January 18, 2017, Principal Miller told Mr. Scott Chenoweth (the school district's Superintendent) ("Chenoweth") about the allegations of Cowen's misconduct.

67.     Chenoweth chose to not report Cowen's misconduct to law enforcement.

68.     Chenoweth chose to not report Cowen's misconduct to the Department of Human Services.

69.     Chenoweth chose to not report Cowen's misconduct to the victims' parents.

70.     Chenoweth chose to not report Cowen's misconduct to A.B.'s parents.

71.     On January 20, 2017, Cowen assaulted and molested Plaintiff, A.B., during second hour math class.

72.     A.B. reported the assault to Paula Gotschalk, the school's previous counselor.

73. Gotschalk told A.B. to be quiet and not to tell anyone.

74. No one from the school district called the police, Department of Human Services, or A.B.'s parents.

75. As a result of Defendants' actions and inactions, A.B. has been harmed.

76. On January 20, 2017, the Perry Police Department received notice of allegations encompassing lewd acts to a child under 16 that occurred at the school district, and identified Cowen as the alleged suspect.

77. On January 21, 2017, A.B. and her parents brought Cowen's misconduct to the attention of the Perry Police Department.

78. On January 23, 2017, the Perry Police Department traveled to the school district to investigate Cowen and the school district's conduct.

79. Principal Miller told law enforcement that she received notice of allegations of Cowen's misconduct on January 18th, 19th, and 20th.

80. The school district chose to not believe A.B. and other victims of abuse.

81. The school district blamed the victims of the abuse.

82. The school district's acts and omissions rose to the level of deliberate indifference. This resulted in the constitutional rights of A.B. being violated.

83.  Principal Miller told law enforcement that Cowen was of "great moral character."

84.  Principal Miller told law enforcement that Cowen was a "nice guy."

85.  Schoolchildren were sexually abused on the school district's premises during school hours.

86.  A.B. was sexually abused on the school district's premises during school hours.

87.  Despite having knowledge of Cowen's misconduct at least by December 2016, the school district chose to not take corrective action.

88.  On February 13, 2017, the Perry Board of Education chose to only suspend Chenoweth as the Superintendent.

89.  On March 27, 2017, the Perry Board of Education chose to accept the resignations of Miller and Sullins.

90.  The school district failed to implement and/or execute appropriate policies and/or procedures to protect schoolchildren from sexual misconduct.

91.    The school district failed to implement and/or execute appropriate policies regarding the reporting of sexual misconduct to state agencies to protect students from further abuse.

92.    The school district failed to implement and/or execute appropriate policies regarding restricting access to students by suspected predators.

93.    The inadequacy and/or the implementation of the school district's polices and procedures resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

94.    The school district failed to ensure that all of their volunteers and employees - including teachers and administrators - were properly hired, trained, retained, and supervised to perform their jobs.

95.    The school district chose to not properly investigate Cowen.

96.    The school district chose to not properly train Cowen.

97.    The school district chose to not properly supervise Cowen.

98.    The school district is responsible for the acts and omissions of its employees, including its teachers and administrators, during the course and scope of their employment.

99.     The school district is responsible for the acts and omissions of Cowen on school property.

100.    At all relevant times described, Chenoweth, Gottschalk, Miller, Readus and Sullins were acting in the course and scope of their employment as administrators and/or teachers when they interacted with students on the school district's campus.

101.    The school district is responsible for the acts and omissions of Chenoweth, Gottschalk, Miller, Readus and Sullins as described herein.

102.    Under the Fourteenth Amendment to the United States Constitution, Plaintiff has the right to due process and equal protection of the law.

103.    Defendants were actors acting under the color of state law.

104.    The school district denied Plaintiff her right to due process and equal protection of the law.

105.    The school district chose to enact inadequate policies and procedures regarding removing sexual predators from the school district.

106.    The school district chose to not remove Cowen's access to students.

107.    In 2016 - before police contacted the school district - it was foreseeable that A.B. would be molested by Cowen.

108. In 2016 - before police contacted the school district - it was foreseeable that schoolchildren would be molested by Cowen.

109. The school district chose to not train Cowen regarding proper conduct with schoolchildren.

110. In 2016, the school district chose to not report Cowen to law enforcement.

111. In 2016, the school district chose to not report Cowen to the Oklahoma Dept. of Human Services.

112. In 2017, the school district chose to not report Cowen to law enforcement.

113. In 2017, the school district chose to not report Cowen to the Oklahoma Dept. of Human Services.

114. The school district and its employees and/or agents had a duty to report allegations of Cowen's misconduct to the Oklahoma Dept. of Human Services. *See* 10A O.S. § 1-2-101(B)(1).

115. In 2016, the school district chose to not report Cowen to parents of the schoolchildren.

116. In 2017, the school district chose to not report Cowen to parents of the schoolchildren.

117. The school district exhibited deliberate indifference to the constitutional rights of Plaintiff and is a direct and proximate cause of Plaintiff's damages.

118. The school district is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

119. The school district created a school environment where children were allowed to be feloniously touched and receive lewd or lascivious communications from adults.

120. The school district was a dangerous environment for its students, including A.B.

121. Plaintiff is a member of a limited and specifically definable group - a minor female student.

122. The school district is liable to Plaintiff under the theory of danger creation.

123. The school district created the danger and/or increased the Plaintiff's vulnerability to the danger.

124. The school district chose to ignore numerous allegations about Cowen.

125. The school district chose to not remove Cowen from campus after receiving notice of his misconduct.

126. The school district chose to return students who informed the school district's employees of Cowen's misconduct to classes where Cowen was present.

127. The school district chose to label students who reported Cowen's misconduct as "liars."

128. The school district chose to berate students who brought forward notice of what was happening at the school.

129. The school district's conduct put Plaintiff at substantial risk of serious, immediate, and proximate harm.

130. The school district's acts and omissions caused schoolchildren to be abused.

131. The school district's acts and omissions caused A.B. to be abused.

132. After the school district received notice of the abuse, schoolchildren continued to be abused at school.

133. The risk of danger was obvious to the school district in 2016.

134. The risk of danger was known to the school district in 2016.

135. The risk of danger was obvious to the school district in 2017.

136. The risk of danger was known to the school district in 2017.

137. The school district acted recklessly and with conscious disregard of the risk of danger to schoolchildren, including A.B.

138. The school district's actions and inactions created an opportunity for Cowen to continue to abuse schoolchildren.

139. The school district's conduct shocks the conscience.

140. The school district receives federal financial assistance.

141. The school district's disregard of the sexual misconduct of Cowen was so severe and objectively offensive that it deprived A.B. of educational opportunities and benefits.

142. The school district created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX").

143. A.B. is a member of a protected class.

144. A.B. was subjected to sexual harassment - through sexual pursuit and misconduct on the school district's campus.

145. A.B. was subjected to harassment based upon her sex.

146. A.B. is a victim of retaliation by the school district.

147. A.B. was subjected to a hostile educational environment created by the the school district's lack of policies and procedures.

148. A.B. was subjected to a hostile educational environment due to the school district's failure to properly investigate and/or report sexual misconduct.

149. The school district had knowledge, including actual knowledge, of the sexual misconduct of Cowen and the resulting harassment Plaintiff suffered as a result of the school district's acts and omissions.

150. Teachers and principals are appropriate persons to receive complaints for purposes of a Title IX claim.

151. Sullins was an appropriate person to receive complaints of sexual misconduct at the school district.

152. Gottschalk was an appropriate person to receive complaints of sexual misconduct at the school district.

153. Readus was an appropriate person to receive complaints of sexual misconduct at the school district.

154. Chenoweth was an appropriate person to receive complaints of sexual misconduct at the school district.

155. Miller was an appropriate person to receive complaints of sexual misconduct at the school district.

156. Sullins exercised control over Cowen and/or the school where the misconduct occurred.

157. Gottschalk exercised control over Cowen and/or the school where the misconduct occurred.

158. Readus exercised control over Cowen and/or the school where the misconduct occurred.

159. Chenoweth exercised control over Cowen and/or the school where the misconduct occurred.

160. Miller exercised control over Cowen and/or the school where the misconduct occurred.

161. Cowen's misconduct was a substantial danger to the schoolchildren in 2016.

162. Cowen's misconduct was a substantial danger to the schoolchildren in 2017.

163. The school district received numerous reports of inappropriate touching by Cowen in 2016.

164. The school district received numerous reports of inappropriate touching by Cowen in 2017.

165. In 2016, the school district received evidence of more than a single, uncorroborated report of inappropriate touching of a female student by Cowen.

166. In 2017, the school district received evidence of more than a single, uncorroborated report of inappropriate touching of a female student by Cowen.

167. The harassment suffered by A.B. was severe, pervasive, and objectively offensive.

168. Miller had actual notice of Cowen's misconduct before A.B.'s parents notified law enforcement.

169. Before A.B.'s parents notified law enforcement, the school district had actual notice of Cowen's misconduct through communications to Sullins, Miller, Chenoweth, Gottschalk, and/or Readus.

170. At all times referenced herein, Sullins, Miller, Chenoweth, Gottschalk, and Readus were all acting within the course and scope of their employment with the school district.

171. Perry Board of Education had actual notice of Cowen's misconduct before A.B.'s parents notified law enforcement.

172. The school district had the ability to control Cowen's activities on campus.

173. The school district acted with deliberate indifference by failing to properly investigate the allegations of sexual misconduct.

174. The school district acted with deliberate indifference by failing to inform law enforcement or other governmental officials.

175. The school district's actions described herein were clearly unreasonable in light of the known circumstances.

176. The school district's actions and inactions caused schoolchildren, including Plaintiff, to undergo further misconduct by Cowen.

177. The school district's actions and inactions caused schoolchildren, including Plaintiff, to be vulnerable to the misconduct by Cowen.

178. The school district persisted in its actions and inactions even after it had actual knowledge of the harm suffered by A.B.

179. Defendants' failure to promptly and appropriately respond to the alleged sexual harassment and sexual misconduct resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefit

of, and being subjected to discrimination in the Defendants' education program in violation of Title IX.

180. The school district failed to take immediate, effective, remedial or preventative steps to resolve, investigate, or prevent further sexual assaults. Instead, the Defendants acted with deliberate indifference toward Plaintiff.

181. The school district's response to the allegations about Cowen was clearly unreasonable in light of the circumstances known to the school district.

182. The school district failing to effectively and immediately investigate Cowen's misconduct was not a reasonable response to the substantial risk of sexual misconduct.

183. The school district sending students who alleged misconduct by Cowen back to Sullins' class where Cowen was present was not a reasonable response to the substantial risk of sexual misconduct.

184. The school district informing students to "fist bump" Cowen instead of hug him was not a reasonable response to the substantial risk of sexual misconduct.

185. The school district abjectly disbelieving multiple victims was not a reasonable response to the substantial risk of sexual misconduct.

186. The school district calling students who disclosed Cowen's misconduct "liars" was not a reasonable response to the substantial risk of sexual misconduct.

187. The school district chose to dismiss and marginalize allegations of Cowen's sexual misconduct.

188. After receiving information about Cowen's sexual misconduct, the school district did not conduct a legitimate investigation.

189. The school district's subjective assessment of Cowen's victims' credibility was an insufficient investigation in light of the facts reported to the school district by those victims.

190. The school district could have exercised its inherent authority over school property to immediately prohibit Cowen from entering school property and abusing A.B.

191. The school district chose to not stop Cowen from entering school property and abusing Plaintiff.

192. The school district engaged in a pattern and practice of behavior that failed to fully investigate sexual misconduct within the school district.

193. The school district engaged in a pattern and practice of behavior that failed to alert students of sexual misconduct within the school district.

194. The school district engaged in a pattern and practice of behavior that failed to protect students from sexual misconduct within the school district.

195. Defendants have caused Plaintiff to suffer damages.

196. Defendants' actions are the direct and proximate cause of Plaintiff being deprived of a safe and harassment-free educational environment.

197. Because of the special relationship between the school district and the schoolchildren (including Plaintiff), Defendants have special duties to protect Plaintiff and the other schoolchildren.

198. The school district breached its duties to protect Plaintiff.

199. The school district allowed Cowen access to children after learning that Cowen was abusing schoolchildren.

200. The school district failed to report Cowen to the appropriate authorities.

201. The school district negligently retained Cowen.

202. The school district did not limit Cowen's access to schoolchildren.

203. The school district negligently hired Chenoweth.

204. The school district negligently retained Chenoweth.

205. The school district negligently trained Chenoweth.

206. The school district negligently supervised Chenoweth.

207. The school district negligently hired Miller.

208. The school district negligently retained Miller.

209. The school district negligently trained Miller.

210. The school district negligently supervised Miller.

211. The school district negligently retained Sullins.

212. The school district negligently trained Sullins.

213. The school district negligently supervised Sullins.

214. The school district negligently retained Readus.

215. The school district negligently trained Readus.

216. The school district negligently supervised Readus.

217. The school district negligently retained Gottschalk.

218. The school district negligently trained Gottschalk.

219. The school district negligently supervised Gottschalk.

220. The school district negligently retained Cowen.

221. The school district negligently trained Cowen.

222. The school district negligently supervised Cowen.

223. The school district did not properly develop and/or implement policies and procedures to protect the schoolchildren from harm.

224. The school district did not maintain its premises in a safe condition.

225. The school district did not warn the schoolchildren about Cowen.

226. The school district did not warn the schoolchildren's parents about Cowen.

227. The school district is liable to Plaintiff for negligence.

228. The school district's actions and inactions allowed and perpetuated an atmosphere of illegal sexual conduct upon schoolchildren.

229. The constitutional rights of Plaintiff were violated by the school district's actions and inactions.

230. After the school district perceived, knew, or had reason to believe that Cowen posed a risk of abusing schoolchildren, the school district failed to take sufficient remedial action to correct, eliminate, and/or prevent the recurrence of the offensive and unconstitutional acts.

231. The school district had a duty to properly police the misconduct of their personnel - including Cowen - under its immediate control.

232. The school district had a duty to protect the students from violations of the students' constitutional rights to bodily integrity.

233. The school district had a duty to provide students with an environment free from intrusions while attending a publicly mandated course of education.

234. The aforementioned conduct by Sullins, Miller, Chenoweth and other school officials was done within the scope of their employment and course of their performance of their official responsibilities at the school district.

235. The aforementioned conduct by Sullins, Miller, Chenoweth and other school officials was done under the color of laws, statutes, ordinances, regulations, practices, customs and usage of the State of Oklahoma and the school district.

236. The school district had a duty to implement procedures and policies for training, hiring, supervising and educating its employees in the detection, reporting and/or investigation of alleged or suspected incidents of offensive and unconstitutional acts and misconduct.

237. The school district failed to provide a safe and secure environment for students.

238. The school district failed to have adequate policies and procedures in place to prevent the types of harms that were inflicted upon Plaintiff.

239. The school district failed to provide Plaintiff and other schoolchildren with a means to voice their complaints and concerns without fear of reprisal.

240. There is no governmental interest served by failing to report Cowen's misconduct.

241. The Oklahoma Constitution provides that "[a]ll persons have the inherent right to life, liberty, the pursuit of happiness" and "[n]o person shall be deprived of life, liberty, or property, without due process of law." Okla. Const. Art II, §§ 2 and 7.

242. In addition to providing due process rights, the Oklahoma Supreme Court has recognized Art II, §§ 2 and 7 to provide Oklahoma citizens with rights equivalent to the equal protection clause of the Fourteenth Amendment to the United States Constitution.

243. The repeated sexual harassment and sexual misconduct and abuse of Plaintiff constitutes unlawful sexual harassment in violation of Plaintiff's

constitutional right to equal protection of the laws, in violation of Okla. Const. Art II, §§ 2 and 7.

244. The school district is liable to Plaintiff for retaliation in violation of Plaintiff's constitutional right to equal protection of the laws and a loss of a property right, in violation of Okla. Const. Art II, §§ 2 and 7.

245. The school district's acts and omissions created a dangerous environment to Plaintiff in violation of Okla. Const. Art II, §§ 2 and 7.

246. The school district's violations of the Oklahoma Constitution proximately caused harms to Plaintiff.

247. Cowen acted with the intent of making harmful and/or offensive contact upon A.B., or with the intent of putting A.B. in apprehension of such contact.

248. Cowen's conduct placed A.B. in apprehension of an immediate, harmful and/or offensive contact.

249. Cowen's conduct caused A.B. fright and terror.

250. Cowen is liable to A.B. for assault.

251. Cowen's actions upon A.B. were without the consent of A.B.

252. Cowen is liable to Plaintiff for battery.

253. Cowen's actions were so extreme and outrageous as to go beyond all possible bounds of decency.

254. Cowen's actions were atrocious and utterly intolerable in a civilized society.

255. Cowen intentionally or recklessly caused severe emotional distress to A.B. beyond that which a reasonable person could be expected to endure.

256. Cowen is liable to A.B. for intentional infliction of emotional distress.

257. Cowen is liable to A.B. for actual damages.

258. Cowen is liable to A.B. for punitive damages.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment in her favor and against Independent School District No. 1 of Noble County, Oklahoma for actual damages, and against Cowen for actual and punitive damages. Plaintiff further respectfully requests costs of this action, reasonable attorney fees, and other damages or relief deemed appropriate.

Respectfully submitted,

TOON LAW FIRM, PLLC

s/ Richard S. Toon, Jr.
Richard S. Toon, Jr., OBA #16069
1619 South Peoria Ave., Ste. A
Tulsa, Oklahoma 74120
Telephone: (918) 477.7884
Fax: (918) 477.7893
Email: richtoon@toonlawfirm.com
*Attorney for Plaintiff, A.B., by and*
*through her mother and next friend,*
*Melissa S. Cooper*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

A.B., a minor by and through Cooper, Melissa S.,
her mother and next friend

**(b)** County of Residence of First Listed Plaintiff    Noble
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard S. Toon, Jr., OBA No. 16069
1619 S. Peoria Ave., Suite A
Tulsa, Oklahoma 74120   Telephone: 918.477.7884

## DEFENDANTS

Independent School District No. 1 of Noble County, Oklahoma

Cowen, Arnold C.

County of Residence of First Listed Defendant    Noble
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability — ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | Liability — ☐ 368 Asbestos Personal ☐ 340 Marine Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability — **PERSONAL PROPERTY** ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle — ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | Product Liability — ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury — ☐ 385 Property Damage ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - — ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | Employment **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - — ☐ 540 Mandamus & Other Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☒ 448 Education — ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, including the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), 20 U.S.C. §§ 1681-1688

Brief description of cause:
Violations of 9th and 14th Amendments to the U.S. Constitution and pendent state law claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
Amounts deemed fair and reasonable by the jury

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE    Hon. Scott L. Palk

DOCKET NUMBER   Civ.17.1371.SLP

DATE
05.07.2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Richard S. Toon, Jr.

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____